Amy Lynn Bennecoff Ginsburg (275805)
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Telephone: 215-540-8888
Facsimile: 215-540-8817
aginsburg@creditlaw.com
Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GIL LEDESMA,<br><br>            Plaintiff,<br><br>       v.<br><br>CREDENCE RESOURCE MANAGEMENT, LLC,<br><br>            Defendant. | Case No.:<br><br>**COMPLAINT FOR DAMAGES**<br>**1. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 ET. SEQ.;**<br>**2. VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §1788 ET. SEQ.**<br>**3. VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, ET. SEQ.**<br><br>**JURY TRIAL DEMANDED** |

## **COMPLAINT**

GIL LEDESMA ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against CREDENCE RESOURCE MANAGEMENT, LLC ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA"), the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788, *et. seq.* ("RFDCPA"), and the Telephone Consumer Protection Act, 47 U.S.C. § 227, et. seq. ("TCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Supplemental jurisdiction over all state law claims is proper pursuant to 28 U.S.C. § 1367 et seq.

4. Defendant conducts business in the State of California and, therefore, personal jurisdiction is established.

5. Venue is proper pursuant to 28 U.S.C. §§ 1391(b)(2).

## PARTIES

6. Plaintiff is a natural person residing in Bay Point, California.

7. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3) and is a "debtor" as defined by Cal. Civ. Code §1788.2(h).

8. Defendant is a national debt collection company with its principal office located at 6045 Atlantic Blvd., Suite 210, Norcross, Georgia, 30071..

9. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

10. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

11. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

12. At all relevant times, Defendant was attempting to collect an alleged consumer debt owed to American Medical Response from Plaintiff.

13. The alleged debt arose from a financial obligation for primarily personal, family, or household purposes.

14. Beginning in December 2014 and continuing through February 2015, Defendant called Plaintiff on his cellular telephone on a repetitive and continuous basis.

15. During this time, Defendant also placed calls to Plaintiff's telephone prior to 8:00 am.

16. Defendant's calls originated from telephone numbers including, but not limited to (855) 875-4065. The undersigned has confirmed that this number belongs to Defendant.

17. When contacting Plaintiff on his cellular telephone, Defendant used an automatic telephone dialing system and automatic and/or pre-recorded messages.

18. Defendant's telephone calls were not made for "emergency purposes."

19. Frustrated by the repeated calls, in December 2014, Plaintiff revoked any consent previously given to Defendant to place telephone calls to his cellular telephone number.

20. Defendant heard and acknowledged Plaintiff's revocation of consent and demand to stop calling his cellular telephone number.

21. Despite the above, Defendant persisted in calling Plaintiff on his cellular telephone for another three months.

## COUNT I
## DEFENDANT VIOLATED §1692c(a)(1) OF THE FDCPA

22. A debt collector violates § 1692c(a)(1) of the FDCPA when without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, it communicates with a consumer

in connection with the collection of any debt – (1) at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. In the absence of knowledge of circumstances to the contrary, a debt collector shall assume that the convenient time for communicating with a consumer is after 8 o'clock antimeridian and before 9 o'clock postmeridian, local time at the consumer's location.

23. Defendant violated § 1692c(a)(1) of the FDCPA when it called Plaintiff prior to 8:00a.m.

## COUNT II
## **DEFENDANT VIOLATED §§ 1692d and 1692d(5) OF THE FDCPA**

24. A debt collector violates § 1692d of the FDCPA by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

25. A debt collector violates § 1692d(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

26. Defendant violated §§ 1692d and 1692d(5) of the FDCPA when it placed repeated harassing calls to Plaintiff's cellular telephone; when it continued to call Plaintiff after being instructed to stop; and when it engaged in other harassing, oppressive and abusive conduct.

## COUNT III
## DEFENDANT VIOLATED § 1692f OF THE FDCPA

27. A debt collector violates section 1692f of the FDCPA by using unfair or unconscionable means to collect or attempt to collect any debt.

28. Defendant violated section 1692f of the FDCPA when it placed repeated calls to Plaintiff knowing they were unwanted; calling Plaintiff prior to 8:00a.m.; and, generally, when it used unfair and unconscionable means to collect the alleged debt.

## COUNT IV
## DEFENDANT VIOLATED THE FDCPA

29. A debt collector violates section 1788.17 of the California Civil Code by failing to comply with sections 1692b through 1692j of the FDCPA.

30. Defendant violated section 1788.17 of the California Civil Code when it violated the FDCPA for the reasons set forth in this Complaint.

## COUNT V
## DEFENDANT VIOLATED THE TCPA

31. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

32. Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone using an automated message and/or prerecorded voice and/or

automatic telephone dialing system.

33. Defendant's calls to Plaintiff were not made for emergency purposes.

34. In December 2014, Plaintiff revoked any consent previously given to Defendant to place telephone calls to his cellular telephone number.

35. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

36. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

37. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

WHEREFORE, Plaintiff, GIL LEDESMA, respectfully prays for a judgment as follows:

    a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b. All actual damages suffered pursuant to 47 U.S.C. §227(b)(3)(A);

    c.      Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    d.      Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3)(B);

    e.      Treble damages of $1,500 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

    f.      Injunctive relief pursuant to 47 U.S.C. §227(b)(3);

    g.      All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3);

    h.      All actual damages, statutory damages, reasonable attorney's fees and costs, and any other litigation costs incurred by Plaintiff pursuant to the RFDCPA at Cal. Civ. Code § 1788.17; and

    i.      Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, GIL LEDESMA, demands a jury trial in this case.

|   |   |
|---|---|
|   | Respectfully submitted, |
| DATED: May 1, 2015 | By: /s/ Amy Lynn Bennecoff Ginsburg |
|   | Amy Lynn Bennecoff Ginsburg, Esq. (275805) |
|   | Kimmel & Silverman, P.C. |
|   | 30 East Butler Pike |
|   | Ambler, PA 19002 |
|   | Telephone: (215) 540-8888 |
|   | Facsimile (215) 540-8817 |
|   | Email: aginsburg@creditlaw.com |
|   | Attorney for Plaintiff |